UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES R. NICHOLS,<br>BRIAN GONZALES,<br>BRIANNA DOTSON,<br>JOSE FLORES,<br>MARISOL MENDOZA,<br>THU HUYNH, and<br>DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-00022-JWH-JDE<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND [ECF No. 15] & DEFENDANTS' MOTION TO DISMISS [ECF No. 21]** |

Before the Court are (1) the motion of Plaintiff Dominique Daniels to remand this action to Orange County Superior Court;[1] and (2) the motion of Defendants Charles R. Nichols, Brian Gonzalez, Briana Dotson, Marisol Mendoza (sued as "Marsol"), and Jose Flores to dismiss Daniels's Complaint.[2] The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court **DENIES** Daniels's Motion to Remand and **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND[4]

This action arises out of an incident that occurred in March 2024, at the Santa Ana, California, Department of Motor Vehicles (the "CDMV").[5] According to the Complaint, Daniels visited the CDMV after learning that her vehicle registration had been suspended.[6] Daniels alleges that she was called to a CDMV service window, where she discussed the possibility of reinstating her

---

[1] Pl.'s Mot. to Remand (the "Motion to Remand") [ECF No. 15].

[2] Defs.' Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 21].

[3] The Court considered the documents of record in this action, including the following papers: (1) Compl. (the "Complaint") [ECF No. 1]; (2) Motion to Remand; (3) Motion to Dismiss; (4) Defs.' Opp'n to the Motion to Remand [ECF No. 22]; (5) Pl.'s Reply in Supp. of the Motion to Remand [ECF No. 23]; (6) Decl. of Pl. Dominique Daniels in Supp. of Opp'n to the Motion to Dismiss [ECF No. 30]; (7) Pl.'s Opp'n to the Motion to Dismiss (the "Motion to Dismiss Opposition") [ECF No. 31]; and (8) Defs.' Reply in Supp. of the Motion to Dismiss [ECF No. 33].

[4] This factual summary is based upon the allegations in the Complaint, which the Court assumes to be true for the purpose of the instant Motions. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

[5] Complaint ¶ 27.

[6] *Id.* at ¶ 32.

vehicle registration with a CDMV employee. When that conversation did not prove fruitful, Daniels asked the employee to call a supervisor.[7]

Defendants Huynh and Mendoza arrived, and Daniels once again asked for the reinstatement of her vehicle registration.[8] When Huynh and Mendoza declined, Daniels requested to speak with another supervisor.[9] Defendant Flores arrived at the window, and Daniels again made her request, again to no avail.[10] Daniels informed the CDMV employees that she believed that they "were engaging in unlawful discrimination against her and that they were wrongfully and unlawfully denying her public services to resolve her vehicle matters."[11] Daniels also threatened to file a civil lawsuit against those employees, and the CDMV employees responded by summoning law enforcement—the California Highway Patrol ("CHP").[12] Defendants CHP Officers Charles R. Nichols, Brian Gonzalez, and Briana Dotson arrived on the scene.[13] Nichols and Gonzalez arrested Daniels and performed a search incident to the arrest.[14]

In November 2024, Daniels filed the instant action in state court against CDMV Defendants Huynh, Flores, and Mendoza, as well as CHP Defendants Nichols, Gonzalez, and Dotson.[15] In January 2025, Defendants—apart from

---

[7]     *Id.* at ¶ 33.
[8]     *Id.* at ¶ 37.
[9]     *Id.*
[10]    *Id.* at ¶ 38.
[11]    *Id.*
[12]    *Id.* at ¶¶ 38 & 40.
[13]    *Id.* at ¶¶ 47 & 48.
[14]    *Id.* at ¶¶ 51, 52, & 55.
[15]    *See id.*

Thu Huynh[16]—removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1343, & 1441.[17] In her Complaint, Daniels asserts the following 15 claims for relief:[18]

- discrimination in violation of the Unruh Civil Rights Act, against Nichols, Gonzales, Flores, Mendoza, and Huynh;
- discrimination in violation of the California Disabled Persons Act, against Nichols, Gonzales, Flores, Mendoza, and Huynh;
- discrimination in violation of the Americans with Disabilities Act (the "ADA"), against Nichols, Flores, Mendoza, and Huynh;
- discrimination in violation of Cal. Gov't Code § 11135, against Nichols, Flores, Mendoza, and Huynh;
- deprivation of personal rights in violation of the Ralph Civil Rights Act, against Nichols, Gonzales, Flores, Mendoza, and Huynh;
- deprivation of personal rights in violation of the Tom Bane Civil Rights Act, against Nichols, Gonzales, Flores, Mendoza, and Huynh;
- retaliation in violation of the First Amendment of the United States Constitution, against Nichols, Gonzales, Dotson, Flores, Mendoza, and Huynh;
- retaliation in violation of constitutional rights in violation of the California Constitution, against Nichols, Gonzales, Dotson, Flores, Mendoza, and Huynh;
- unreasonable search, seizure, and force, in violation of the Fourth Amendment of the United States Constitution, against Nichols, Gonzales, Dotson, Flores, Mendoza, and Huynh;

---

[16] See Notice of Removal (the "Notice") [ECF No. 1] ¶ 12.
[17] Id. at ¶ 8.
[18] See generally Complaint.

- unreasonable search, seizure, and force in violation of the California Constitution, against Nichols, Gonzales, Dotson, Flores, Mendoza, and Huynh;
- denial of equal protection of the laws, in violation of constitutional intimidation by threat of violence of the Fourteenth Amendment, against Nichols, Gonzales, Dotson, Flores, Mendoza, and Huynh;
- denial of equal protection of the laws in violation of the California Constitution, against Nichols, Gonzales, Dotson, Flores, Mendoza, and Huynh;
- conspiracy to interfear [*sic*] with civil rights in violation of 42 U.S.C. §§ 1983 & 1985, against Nichols, Gonzales, Flores, Mendoza, and Huynh;
- assault and battery, against Nichols, Gonzales, and Dotson; and
- deprivation of personal rights in violation of Cal. Civ. Code § 43, against Nichols, Gonzales, and Dotson.

In February 2025, Daniels moved to remand this action, arguing that (1) the removal was procedurally deficient because Defendants did not include a copy of all processes and pleadings; (2) Defendants failed to file a proof of service for Defendant Huynh; and (3) Defendants failed to obtain consent for the removal of the action from Defendants Flores, Mendoza, and Huynh.[19] Daniels also requested the Court to take judicial notice of three documents:[20]

- the December 19, 2024, Notice of Case Reassignment;
- the December 23, 2024, Declaration in Support of Motion re Disqualification of Judicial Officer; and
- the Proof of Service of Summons and Complaint upon Defendant Huynh and the associated Declaration of Diligence.

---

[19] Motion to Remand 2:9-28.
[20] *Id.* at 9:6-28.

In February 2025, Defendants (except for Huynh) moved to dismiss nine of Daniels's claims.[21] That Motion is fully briefed.

## II. LEGAL STANDARD

**A.   Motion to Remand**

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332.

The right to remove is not absolute, even when original jurisdiction exists. The removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

---

[21]   *See* Motion to Dismiss.

("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quotation marks omitted). Any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B.  Rule 201—Judicial Notice

The Federal Rules of Evidence provide that a court must take judicial notice if "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The court may take notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Such facts include "matters of public record." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) & (c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purpose of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

### C.  Rule 12(b)(6)—Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the

light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the court can "infer more than the mere possibility of misconduct." *Id.* at 679.

Importantly, the court must construe all factual allegations and "draw all reasonable inferences from them in favor of the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

D. **Rule 15(a)—Leave to Amend**

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the court determines "that the pleading

could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

**A. Motion to Remand**

It is uncontested that this action presents a federal question.[22] Thus, the relevant inquiry is whether the removal was procedurally proper. To remove an action from state court, a defendant must file a notice of removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446. Daniels argues that Defendants did not satisfy that standard for three reasons.[23]

First, Daniels contends that Defendants failed to include three state court documents: (1) Notice of Case Reassignment; (2) Motion Re Disqualification of a Judicial Officer; and (3) Proof of Service of Summons and Complaint upon Defendant Huynh and the associated Declaration of Diligence. Daniels supplied the Court with those three documents[24] and asked the Court to take judicial notice of them.[25] Because those documents are judicial records, the Court grants Daniels's request and takes judicial notice of those documents, which, ironically, cures any procedural defect related to their omission from Defendants' Notice. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (holding that *de minimis* procedural defects can be cured even after the expiration of the removal period).

---

[22] *See generally* Notice; Motion to Remand.

[23] *See* Motion to Remand.

[24] *See* Decl. of Pl. Dominique Daniels in Supp. of the Motion to Remand (the "First Daniels Declaration"), Exs. B, C, & G [ECF No. 18].

[25] Motion to Remand 9:6-10:2.

Next, Daniels avers that Defendants failed to obtain consent to remove the action from Defendants Flores, Mendoza, and Huynh. With respect to Flores and Mendoza, Deputy Attorney General Michael Gasbarro submitted a declaration in which he testified that all properly served defendants, including Flores and Mendoza, consented to the removal.[26] The Court finds that Defendants' averment of Flores and Mendoza's consent is sufficient. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

Finally, Gasbarro admits that Hyunh did not consent to removal, but Gasbarro asserts that, to the best of his knowledge, Huynh has not been properly served, and, therefore, Huynh did not need to consent.[27] Daniels, in contrast, maintains that Hyunh was properly served and, accordingly, that Hyunh's consent was required.[28]

Under 28 U.S.C. § 1446(2)(a), all defendants who have been properly served must join in or consent to the removal of the action. To effectuate a service of process, a copy of the summons and complaint must be personally delivered to the person to be served. *See* Cal. Civ. Proc. Code § 415.10; Fed. R. Civ. P. 4(e). In lieu of personal delivery, a copy of the summons and complaint may be left at the defendant's office with the person apparently in charge during usual office hours, and a copy of the summons and complaint must then be mailed to the place where the documents were left. *See* Cal. Civ. Proc. Code § 415.20.

---

[26] Decl. of Deputy Attorney General Michael Gasbarro (the "First Gasbarro Declaration") [ECF No. 1] ¶ 5.

[27] *Id.*

[28] Motion to Remand 3:11-16 & 3:21-26.

Daniels asserts that she made numerous unsuccessful attempts to serve Huynh in December 2024 and that service was finally accepted by Defendant Flores, a supervisor at the CDMV.[29]  The summons and complaint were then mailed to the CDMV on December 31, 2024.[30]  However, it appears that Huynh did not authorize Flores to accept service on her behalf and that Huynh had not been employed by the CDMV since May 2024.[31]  Thus, Huynh was not properly served, and her consent was not required for removal.

Accordingly, the Court finds that Defendants substantially complied with all of the procedural requirements of removal.  Daniel's Motion to Remand is **DENIED**.

**B.     Motion to Dismiss**

**1.     Discrimination in Violation of the ADA**

Through her third claim for relief, Daniels asserts that she was discriminated against in violation of the ADA.

The ADA prohibits discrimination against any individual on the basis of disability in a place of public accommodation.  *See* 42 U.S.C. § 12182(a).  Not only does the ADA pertain to "obviously exclusionary conduct," such as "a sign stating that persons with disabilities are unwelcome," but it also proscribes "more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors—that interfere with disabled individuals' full and equal enjoyment of places of public accommodation."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (internal quotations omitted).

---

[29]    *See* First Daniels Declaration, Ex. G (Proof of Service of Summons and Complaint); Decl. of Saryah Daniels re Diligence (the "Saryah Daniels Declaration") [ECF No. 18] ¶ 6.

[30]    Saryah Daniels Declaration ¶ 7.

[31]    Decl. of Deputy Attorney General Michael Gasbarro (the "Second Gasbarro Declaration") [ECF No. 22] ¶¶ 2 & 3.

However, the duty to provide "reasonable accommodations" under the ADA arises only when the discrimination occurs on the basis of the disability. *See* 42 U.S.C. § 12132. To prove that a public program or service is in violation of the ADA, a plaintiff must show that:

> (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Daniels alleges that she is a qualified individual with a disability and that she was denied the benefits of CDMV services.[32] Those allegations satisfy the first and second prongs of the Ninth Circuit test. Daniels fails to allege, however, that the denial of services at the CDMV arose by reason of her disability. Daniels assumes that any discrimination that she experienced was based upon her disability, but she does not allege facts that support that assumption. Accordingly, Defendants' Motion to Dismiss Daniels's ADA claim is **GRANTED**.

### 2. Discrimination in Violation of the Unruh Civil Rights Act

Through her first claim for relief, Daniels asserts that she was discriminated against in violation of the Unruh Civil Rights Act. The Unruh Act provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital

---

[32] Complaint ¶¶ 73 & 74.

status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b).

A plaintiff can recover under the Unruh Act by showing either: (1) a violation of the ADA; or (2) the "denial of access to a business establishment based on intentional discrimination." Cal. Civ. Code § 51(f); *see also Martinez v. San Diego County Credit Union*, 50 Cal. App. 5th 1048, 1059 (2020). Daniels cannot recover under the Unruh Act for a violation of the ADA, as discussed above. Instead, the Court examines whether Daniels plausibly alleged intentional discrimination.

To establish a *prima facie* case of intentional discrimination, Daniels must allege facts suggesting "willful, affirmative misconduct with the specific intent to accomplish discrimination on the basis of a protected trait." *Martinez v. Cot'n Wash, Inc.*, 81 Cal. App. 5th 1026, 1036, (2022) (internal quotations, citations, and punctuation omitted). Daniels does not allege any such facts. Rather, she asserts, without any factual support, that Defendants' conduct was performed "direct[ly], substantial[ly], or [was] motivate[ed]" by Daniels "being physically disabled and handicap and African America[n]/Black."[33] Defendants contend that this claim is not viable because it does not sufficiently contain facts that support that Defendant's conduct was discriminatory to Daniels based upon race or disability.[34] The Court agrees with Defendants. "The bare possibility of discrimination premised on speculation, without any underlying factual basis, is insufficient to state a claim under the Unruh Act." *Dallas &*

---

[33] *See, e.g., id.* at ¶ 74.

[34] *See* Motion to Dismiss 13:3-11.

*Lashmi, Inc. v. 7-Eleven, Inc.*, 112 F. Supp. 3d 1048, 1063 (C.D. Cal. 2015). In the absence of specific facts suggesting otherwise, the Court cannot assume that Defendants intended to discriminate against Daniels. Accordingly, Defendants' Motion to Dismiss Daniels's first claim for relief is **GRANTED**.

### 3. Discrimination in Violation of Cal. Gov't Code § 11135

Through her fourth claim for relief, Daniels asserts that she was discriminated against in violation of Cal. Gov't Code § 11135. That statute provides, in relevant part, that no person may "be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination" on the basis of race or disability "under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state." Cal. Gov't Code § 11135. Section 11135 is "coextensive with the ADA because it incorporates the protections and prohibitions of the ADA and its implementing regulations." *Bassilios v. City of Torrance, CA*, 166 F. Supp. 3d 1061, 1084 (C.D. Cal. 2015). Because Daniels failed to allege an ADA violation adequately, she has also failed to allege a § 11135 violation. Defendants' Motion to Dismiss Daniels's fourth claim for relief is, therefore, **GRANTED**.

### 4. Deprivation of Rights in Violation of the Ralph Civil Rights Act

The Ralph Act provides that all persons have the right to be free from any violence or intimidation by threat of violence on account of political affiliation or protected characteristic. *See* Cal. Civ. Code § 51.7. To prevail on a Ralph Act claim, a plaintiff must show that (1) the defendant committed or threatened to commit a violent act against the plaintiff or her property; (2) a motivating reason for the defendant's conduct was the plaintiff's protected characteristic; (3) the plaintiff was harmed; and (4) the defendant's conduct was a "substantial factor" in causing the harm. *See Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880-881 (2007).

In her Complaint, Daniels alleges that Defendants undertook their conduct "as a direct, substantial, or motivating cause for [Daniels] being physically disabled, handicap, and African American or Black,"[35] but Daniels does not provide any factual basis for that allegation. Instead, Daniels merely recites the elements of a Ralph Act claim. To allege that Defendants violated the Ralph Act, Daniels must provide the "grounds" for her claim for relief, which requires "more than labels and conclusions" or the "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. Defendants' Motion to Dismiss Daniels's fifth claim for relief is **GRANTED**.

     **5.**    **Violations of the First and Fourteenth Amendments of the United States Constitution**

Daniels asserts her seventh and eleventh claims for relief under 42 U.S.C. § 1983. To prevail on a § 1983 claim, Daniels must show that "(1) the action occurred under the 'color of state law' and (2) the action resulted in the deprivation of a constitutional right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). No party disputes that Defendants acted under the color of state law.

Daniels's seventh claim for relief is for retaliation in violation of the First Amendment.[36] To succeed on a retaliation claim, Daniels must "alleg[e] that public officials, acting in their official capacity, took action with the intent to retaliate against, obstruct, or chill [her] First Amendment rights." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). Put differently, Daniels must allege that:

> (1) [she] engaged in constitutionally protected activity; (2) the defendant's actions would "chill a person of ordinary firmness"

---

[35] Complaint ¶ 116.
[36] *Id.* at ¶¶ 126-132.

from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech.

*Id.*

Here, Daniels engaged in protected activity—she was petitioning the CDMV for the redress of her car registration grievance.[37] However, Daniels has not alleged that Defendants' conduct, which included "threat[ening] to call law enforcement," "carrying out threats to call law enforcement," "using unreasonable and excess force and detention against [Daniels]," and "making intentional and known false reports and statements to law enforcement,"[38] would chill a person of ordinary firmness from continuing to engage in redressing a grievance related to a car registration. Similarly, Daniels has not alleged that the protected activity itself—petitioning the CDMV to reinstate her vehicle registration—motivated Defendants' alleged refusal to reinstate her vehicle registration, to contact law enforcement, or to arrest Daniels.[39]

Through her eleventh claim for relief, Daniels asserts that Defendants denied her equal protection of the laws in violation of the Fourteenth Amendment.[40] Under the Equal Protection Clause, "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prevail on an Equal Protection claim, Daniels must show that Defendants "acted with an intent or purpose to discriminate against

---

[37] *Id.* at ¶ 27.
[38] *Id.* at ¶ 132.
[39] *See generally id.*
[40] *Id.* at ¶ 151-156.

the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Daniels alleges that Defendants "treated her differently from the other members of the general public who was not or appeared not to be physically disabled or handicapped or African American or Black."[41] That allegation, on its own, does not give rise to an equal protection claim. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) ("An equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff." (internal citations omitted)). Because Daniels has not alleged facts sufficient to link her membership in a protected class to the motivation for Defendants' actions, Daniels fails to state a claim upon which relief can be granted.

Accordingly, Defendants' Motion to Dismiss Daniels's seventh and eleventh claims for relief is **GRANTED**.

### 6. Violations of the California Constitution

Daniels eighth and twelfth claims allege violations of Article I, sections 2, 3, and 7, of the California Constitution. Defendants challenge those claims on the ground that neither claim supports an award of money damages.[42] The California Supreme Court has created a framework for determining whether a damages action exists to remedy a constitutional violation. *See Katzberg v. Regents of Univ. of California*, 29 Cal. 4th 300, 317 (2002).

Under the *Katzberg* framework, California courts have declined to recognize a constitutional tort action for damages to remedy violations of California Constitution Article I, sections 2, 3, and 7. *See Katzenberg*, 29 Cal. 4th at 323 (finding that Article I, section 7, does not include any indication

---

[41] *Id.* at ¶ 155.

[42] Motion to Dismiss 20:1-27.

of "an implied right to seek damages for a violation of the due process liberty interest"); *see also Xue Lu v. Powell*, 621 F.3d 944, 951 (9th Cir. 2010) (holding that a plaintiff's claim under Article 1, section 7, of the California Constitution does not state a claim for damages under California law); *Degrassi v. Cook*, 29 Cal. 4th 333 (2002) (finding that Article I, section 2, of the California Constitution "does not afford a right to seek money damages" in the situation presented); *MHC Fin. Ltd. P'ship Two v. City of Santee*, 182 Cal. App. 4th 1169, 1188 (as modified on denial of reh'g) (2010) (concluding that money damages are not an appropriate remedy for a violation of right to petition set forth in Article I, section 3, of the California Constitution).

In addition to damages, Daniels requests "any further relief the Court deems just and proper."[43] The California Supreme Court has recognized that Article I, section 7, can "support[] an action, brought by a private plaintiff against a proper defendant, for declaratory relief or for injunction." *Katzenberg*, 29 Cal. 4th at 307. Here, there is no indication that the conduct described in Daniels's complaint supports an award of any relief that this Court could grant.

Because Daniels's eight and twelfth claims are insufficient to sustain a claim for damages or any other relief that this Court could bestow, Defendants' Motion to Dismiss Daniels's eighth and twelfth claims for relief is **GRANTED**.

### 7. Conspiracy to Interfere with Civil Rights

Finally, Defendants move to dismiss Daniels's conspiracy claim. Although Daniels does not request leave to amend directly, she suggests that, if she were granted leave to amend, she could allege additional facts to support this claim.[44]

---

[43] Complaint, Prayer for Relief, ¶ 6.

[44] Motion to Dismiss Opposition 21:20-22:5.

In view of the Court's limited judicial resources, it is loath to adjudicate serial motions under Rule 12(b)(6). Instead, the Court will direct the parties to engage in another, more rigorous, L.R. 7-3 Conference of Counsel and, on its own motion, will grant Daniels leave to file an amended pleading. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (instructing district courts that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is 'to be applied with extreme liberality'") (citation and quotation omitted). The Court suggests that Daniels take this opportunity to present her best-pleaded Amended Complaint.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Daniels's Motion to Remand [ECF No. 15] is **DENIED**.
2. Daniels's Request for Judicial Notice is **GRANTED**.
3. Defendants' Motion to Dismiss [ECF No. 21] is **GRANTED**. Specifically, Daniels's first, third, fourth, fifth, seventh, eighth, eleventh, twelfth, and thirteenth claims for relief are **DISMISSED with leave to amend**.
4. Daniels is **DIRECTED** to file an amended pleading, if at all, no later than August 21, 2025. If Daniels chooses to file an amended pleading, then she is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Complaint that provides the Court with a redline version that shows the amendments. If Daniels fails to file an amended pleading by August 21, 2025, then the Court will **DISMISS** Daniel's first, fourth, fifth, seventh, eleventh and thirteenth claims for relief **with prejudice**.

5. Defendants are **DIRECTED** to file their respective responses to Daniels's operative complaint no later than September 11, 2025.

**IT IS SO ORDERED.**

Dated: August 5, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE